[No. 4961. Decided February 27, 1905.]

J. A. ROCHFORD, as Assignee of C. H. Williams, Respondent, v. MORTON DOTY et al., Appellants.[1]

ASSIGNMENT FOR BENEFIT OF CREDITORS—ACCOUNTING BY ASSIGNEE—ACTION FOR—DEFENSES—CROSS-COMPLAINT—ORDER DIRECTING SUIT AGAINST ASSIGNEE—VACATION. In an action against an assignee for the benefit of creditors to compel him to account to his successor for the funds of the estate, affirmative matter in the answer, in the nature of a cross-complaint, seeking the vacation of the order of the court upon which the suit is founded, is properly struck out on motion, since the order directing the suit to be brought is not final or binding upon the defendant, and is not a bar to any defense he may have to the action.

SAME—DEFENSES — PLEADING — PRIOR ATTACHMENT — ASSIGNEE COMPELLED TO PAY FOR PROPERTY TAKEN ON CLAIM AND DELIVERY BOND. It is a good defense pro tanto to an action against an assignee for the benefit of creditors and his bondsman, to compel him to account to his successor for the funds of the estate, that a certain part of the insolvent's estate had been attached prior to the deed of assignment, the lien thereafter adjudged valid, and the

[1]Reported in 79 Pac. 782.

defendant ordered to pay the attaching creditor the value of the property, which defendant, in an endeavor to protect the estate had taken from the sheriff upon a claim and delivery bond; and it is error to sustain a demurrer thereto.

SAME—DEFENSES—PLEA OF DISCHARGE—COLLATERAL ATTACK. A plea of a final discharge, upon due notice and the allowance of his final account, is a complete defense to an action against an assignee for the benefit of creditors to compel him to account to his successor for the funds of the estate, since it is a bar to further proceedings that cannot be collaterally attacked; and it is error to sustain a demurrer thereto.

Appeal from a judgment of the superior court for Stevens county, Richardson, J., entered July 17, 1903, in favor of the plaintiff, after striking portions of the answer and sustaining a demurrer thereto, in an action for an accounting. Reversed.

*Danson & Huneke,* for appellants.

*O. C. Moore* and *Cullen & Dudley,* for respondent.

FULLERTON, J.—In his complaint the respondent alleged, that on the 6th day of August, 1898, one C. H. Williams, who was then doing business at Northport, in this state, under the name and style of the Columbia Hardware Company, made a general assignment for the benefit of all his creditors, naming the appellant Morton Doty as his assignee; that thereafter Doty filed his oath and bond as required by law, took possession of all of the property and assets of Williams, and made and filed an inventory of such property and assets, showing the same to be of the value of $2,071.11, and received and took into his possession all of such property; that thereafter Doty made and filed in court a purported showing and report of his acts and doings as such assignee, which report the court disallowed and refused to approve; that, thereafter on June 25, 1900, after proper proceedings had, an order

was made and entered in the court before whom the in-
solvency proceedings were pending, removing Doty as such
assignee, appointing the respondent in his stead, and di-
recting Doty to account to the respondent for all property
received by him belonging to the trust estate; that there-
after Doty pretended to comply with such order, and did
file a pretended report of his doings as assignee, which
report the court found to be false and incomplete, and re-
fused to approve, ordering him to file a further and true
account of his doings as such assignee, which order, also,
he neglected and refused to comply with; that on the 22nd
day of July, 1901, the court made an order directing Doty
to appear in person before the court commissioner on the
26th of August, 1901, then and there to be examined and
give testimony, concerning his acts and doings pertaining
to his trust, which order was regularly served upon him,
within the state of Washington, as required by law, but
that Doty failed and neglected to appear at the time and
place designated, or otherwise comply with the directions
of the court; that the court commissioner thereupon entered
a default against him, and proceeded to hear testimony
concerning the property in his hands; that at such hearing
the commissioner found that the property committed to
his care was of the value of $2,071.11, and that he had
converted the same to his own use, and thereupon directed
the respondent to bring an action against Doty and his
bondsman, to recover the amount so found to be due. It
was also alleged generally that Doty had failed, neglected,
and refused to account for any of the property, so received
by him, and that the same was of the value named in his
inventory thereof, namely, $2,071.11. The prayer was
for judgment in that sum, against Doty and the bondsman,
his co-appellant in this action.

The appellant The Fidelity & Deposit Company ap-
peared and filed a general demurrer to the complaint, which

the trial court overruled. It thereupon answered, denying
generally the various allegations of the complaint not
matters of record, and as to certain of these, it denied their
legal effect, averring that the orders of court were made
ex parte and without notice to Doty. It also, by way
of an affirmative defense, alleged, in substance, that prior
to the making of the assignment, an attachment had been
sued out of the superior court of the county of Spokane,
in an action in which the Marshall-Wells Hardware Com-
pany was plaintiff, and the assignor of Doty was defendant,
which was levied by the sheriff of Stevens county on the
stock of hardware owned by the assignor and assigned by
him to Doty, and that said sheriff held the property under
and by virtue of the writ, at the time Doty received the
deed of assignment and gave bond, as mentioned in the
complaint; that, after receiving the deed of assignment,
Doty made affidavit, pursuant to statute, claiming to be
entitled to the property, and gave bond in the sum of $2,000
to the sheriff, and took the property from the sheriff's pos-
session; that thereafter Doty sold the goods, and received
therefor the sum of $626.25; that thereafter judgment
in that action went against the principal debtor, in which
judgment the attachment lien was adjudged to be a superior
lien to any claim Doty had therein by virtue of the deed
of assignment, and that Doty was thereupon compelled
to pay the judgment, which amounted to $896.74. It then
alleges that Doty, on or about the 20th day of May, 1899,
made and filed, in the court in which the assignment pro-
ceedings were pending, a final report of his acts and doings,
as such assignee, which report came on regularly for hear-
ing on June 20, 1899, when the same was duly approved,
ratified, and confirmed by the court, and Doty discharged
as such assignee, and the answering defendant discharged
from further liability as surety on his bond.

The appellant also filed, in connection with its answer, a cross-complaint in which it asked to have the order of the court, on which this action is founded, set aside and held for naught, because, as it alleges, the same was made without notice to Doty, or service upon him of process of any kind whatsoever. As a part of this cross-complaint, it repeated its allegations to the effect that the property of the estate had been taken from Doty by virtue of the writ of attachment, levied thereon prior to the execution of the deed of assignment, and that Doty had filed his final account with the estate in 1899, which had been settled and allowed, and an order entered discharging him as such assignee, and exonerating his bondsman. The appellant Doty, also, appeared and answered the complaint, his answer in substance being the same as that of his co-defendant just noticed.

The respondent moved against these answers, and the court struck therefrom, among other minor matters, the allegations with reference to the levy and the order of discharge, in both the answers and the cross-complaints. Demurrers were thereupon interposed to the cross-complaints, which the court sustained. Thereupon the appellants refused to plead further, and elected to stand upon their answers, when judgment was entered against them for the sum demanded in the complaint.

While the arguments of counsel have taken a wide range, and somewhat extended briefs have been filed on the questions thought to be involved, it seems to us that the actual questions presented are simple and not difficult of solution. We think the motions to strike, and the demurrers, in so far as they were directed to the cross-complaints, were properly sustained. There is nothing in the complaint which calls for the remedy therein demanded. The court's order directing this action to be begun, if its legal effect is correctly set out in the complaint, is in no sense a final

order or judgment, binding the appellants in any manner. It was nothing more than an order of the court, commanding its receiver to begin an action to recover a judgment for supposed delinquencies on the part of a former receiver; it was not in itself a judgment. This being true, it could not be a bar to any defense the appellants had to the action, and hence there was no necessity for its vacation.

On the other hand, we think the court erred in striking from the answers proper, and in entering a judgment on the pleadings. These answers presented a complete defense to the action. If it be true that the property of the insolvent's estate had been attached, in an action brought against the insolvent prior to the making of the deed of assignment, and the attachment lien was afterwards adjudged valid and superior to any right acquired therein by the appellant Doty by virtue of the deed of assignment, then Doty is not obligated to account to the other creditors of the assignor for any of the property required to be taken in satisfaction of that lien, even though he did take the property and substitute his own bond in its stead. His purpose was to protect the estate, and it would be the grossest injustice to hold that his endeavor to do so made the obligation his own. An assignment is an equitable proceeding, and the assignee should be upheld in all of his actions intended for the benefit of the estate, and which do not result in injury thereto. This part of the answer, therefore, is a good defense against the demand for so much of the property of the estate as was taken in satisfaction of the judgment, in the action out of which the attachment was issued.

The plea of the order of discharge is a complete defense to the entire action. If it be true that the assignee filed his final account as such, that a hearing was had thereon after reasonable notice, and that an order settling and al-

lowing the account, discharging the assignee and exonerating his bondsman was entered, the order is a bar to any further proceedings, so long as it stands on the record not vacated or reversed. If it was entered in fraud, those affected by it must attack it directly, and set it aside for that reason before they can ask for a new accountinᵣ. They cannot attack the order collaterally.

The judgment appealed from is reversed, and the cause remanded with instructions to reinstate the case, overrule the motion to strike from the answers and proceed regularly with the hearing of the cause.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.